**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TROY BARRETT,**

        Plaintiff,

**v.**                                          **CIVIL ACTION NO: 3:13-CV-163
(JUDGE GROH)**

**AMERICAST, INC., a Virginia
Corporation, and CONCRETE
PIPE & PRECAST, LLC, a
Delaware Company,**

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S AMENDED MOTION TO STRIKE**

Pending before this Court is Plaintiff's "Amended Rule 12 Motion to Strike Defendants' Fourth, Fifth, and Fifteenth Defenses," filed on March 31, 2014.[1] On April 14, 2014, Defendants filed their response. On April 15, 2014, Plaintiff filed his reply. Accordingly, this issue is ripe for the Court's review.

**I. Factual Background**

On November 8, 2013, Plaintiff Troy Barrett filed a complaint pursuant to this Court's federal question subject matter jurisdiction under the Uniformed Services Employment and Reemployment Rights Acts, 38 U.S.C. § 4301, *et seq.* His complaint alleges the following facts. In September 2011, Plaintiff was hired as a customer service and inside sales representative by Americast, Inc. to work at its West Virginia

---

[1]The Court does not address Plaintiff's Motion to Strike filed on March 28, 2014 as Plaintiff's Amended Rule 12 Motion to Strike mooted Plaintiff's first Motion to Strike.

office. During this time period, Plaintiff also served the Air National Guard as a Crew Chief, Airman First Class, and he was stationed at the 167th Air National Guard located in Martinsburg, West Virginia.

In May 2012, Plaintiff gave notice to Americast's representative, Brian Fleece, that he would be called to active duty military service at the 167th Air National Guard on Friday, June 8, 2012. On or around July 8, 2012, Plaintiff gave notice to Mr. Fleece that he would not be released from his military service duties until August 9, 2012. On August 8, 2012, Mr. Fleece telephoned Plaintiff to inquire whether he would be in the Americast office on that day. Plaintiff agreed to come by the office later that day. When Plaintiff arrived at the office, Mr. Fleece was waiting for him in a conference room. During the meeting, Mr. Fleece terminated Plaintiff. Plaintiff claims that he was unlawfully discriminated against and terminated due to his military service in violation of the Uniformed Services Employment and Reemployment Rights Act.

Defendants' answer raises several defenses, and Plaintiff moves this Court to strike the following three defenses from Defendants' answer:

1) **Fourth Defense**: Any actions taken against Plaintiff by Defendants were taken for legitimate nondiscriminatory reasons unrelated to Plaintiff's alleged military status, membership affiliation, service, and/or obligation for service.

2) **Fifth Defense**: The same action would have been taken by Defendants against Plaintiff in the absence of his alleged military status, membership affiliation, service, and/or obligation for service.

3) **Fifteenth Defense**: Notwithstanding Plaintiff's claim of an illegal animus, Defendants would nevertheless have made the same employment decisions with respect to Plaintiff.

In addition to the affirmative defenses raised in Defendants' answer, they also

state that although Plaintiff's job performance was evaluated in January 2012, the evaluation did not result in a merit increase in his compensation. Rather, Plaintiff's salary was increased based upon his completion of training. Defendants also admit that Plaintiff did not receive any formal written discipline during his employment. However, Defendants state that Plaintiff was counseled on multiple occasions for performance and other issues. Defendants state that Plaintiff did not satisfactorily perform the work he was asked to do July 2 through July 6, 2012. Defendants also admit that during the meeting between Plaintiff and Mr. Fleece, Mr. Fleece told Plaintiff that he was not going to be retained, the company was going in a different direction, and Americast had received complaints from customers about Plaintiff while he was away in military service.

## II. Standard of Review

Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored and infrequently granted because it is a "drastic remedy." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted) (noting that "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic"); Dupell v. K. Hovnanian Cos., LLC, Civil Action No. 3:12-CV-6, 2012 WL 1831484, at *4 (N.D.W. Va. May 18, 2012) (citing Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W. Va. 1993)).

3

### III. Discussion

Plaintiff has moved this Court to strike Defendants' fourth, fifth, and fifteenth defenses from their answer on the basis that they are "boilerplate" defenses stated in conclusory terms and completely lack any facts on which defenses could plausibly be based. Specifically, Plaintiff requests this Court to apply the Twombly/Iqbal analysis to Defendants' answer. However, Defendants point out that the United States Supreme Court and the courts of appeals, including the Fourth Circuit Court of Appeals, have not applied the Twombly/Iqbal analysis to answers.

#### A. Legal Standard

First, this Court begins by reviewing the United States Supreme Court's holdings in Twombly and Iqbal. In Twombly, the United States Supreme Court held that "While a *complaint* attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted) (emphasis added) (applying the standard to the plaintiffs' complaint); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citation omitted). In these cases, the United States Supreme Court analyzes only complaints, and it does not apply or state that its holdings in Twombly and Iqbal should be applied to answers. Additionally, in Twombly, the United States Supreme Court interprets the language "a short and plain statement of the claim showing that the *pleader is entitled to relief*," which is language specific to

4

Rule 8(a) and the pleading requirements for complaints. Fed. R. Civ. P. 8(a)(2) (emphasis added); see Twombly, 550 U.S. at 555 (citations omitted).

Second, the Fourth Circuit Court of Appeals has not addressed the issue of whether the Twombly/Iqbal analysis should be applied to answers. Although, several district courts within the Fourth Circuit have addressed the issue, there is a split of authority . See Bradshaw v. Hilco Receivables, LLC, 725 F. Supp. 2d 532, 537 (D. Md. 2010) (striking four paragraphs setting forth affirmative defense because they were "stated in a conclusory manner and fail[ed] to provide fair notice to [plaintiff]"); Racick v. Dominion Law Assocs., 270 F.R.D. 228, 233-34 (E.D.N.C. Oct. 6, 2010) (noting that fairness concerns weigh in favor of applying the Twombly/Iqbal pleading requirements to affirmative defenses because "what is good for the goose is good for the gander"), compare Lockheed Martin Corp. v. United States, Civil Action No. 8:12-cv-03725-AAW, __ F. Supp. 2d __, 2013 WL 5405654 (D. Md. Sept. 26, 2013) (noting that applying the plausibility standard to affirmative defenses does not "square" with "Rule 8(b)(3), which allows parties in good faith to 'deny all the allegations of a pleading . . . by a general denial'"); Amason v. PK Mgmt., LLC, Civil Action No. 3:10-1752-MJP-JRM, 2011 WL 1100211, at *8 (D.S.C. Mar. 1, 2011) (declining to apply the Twombly/Iqbal doctrine to defenses in an answer because the United States Supreme Court and the Fourth Circuit Court of Appeals have not done so); Lopez v. Asmar's Mediterranean Food, Inc., No. 1:10cv1218 (JCC), 2011 WL 98573, at *2 (E.D. Va. Jan. 10, 2011) (holding that the pleading standard under Twombly/Iqbal does not apply to pleading affirmative defenses). Other district courts have not directly addressed the Twombly/Iqbal issue by ruling on motions to strike on the basis of Rule 8. See Staton v. N. State Acceptance,

LLC, No. 1:13-CV-277, 2013 WL 3910153, at *3-4 (M.D.N.C. July 29, 2013) (striking affirmative defenses because they failed to meet Rule 8's pleading standard).

### B. Analysis

Plaintiff moves this Court to strike the following three defenses from Defendants' answer:

> 1) **Fourth Defense**: Any actions taken against Plaintiff by Defendants were taken for legitimate nondiscriminatory reasons unrelated to Plaintiff's alleged military status, membership affiliation, service, and/or obligation for service.
>
> 2) **Fifth Defense**: The same action would have been taken by Defendants against Plaintiff in the absence of his alleged military status, membership affiliation, service, and/or obligation for service.
>
> 3) **Fifteenth Defense**: Notwithstanding Plaintiff's claim of an illegal animus, Defendants would nevertheless have made the same employment decisions with respect to Plaintiff.

Under Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although some district courts in the Fourth Circuit have held that the pleading standards of Twombly/Iqbal apply to affirmative defenses, the Fourth Circuit and the United States Supreme Court have not ruled on this issue. In the Fourth Circuit, Rule 12(f) motions are generally viewed with disfavor. See Waste Mgmt. Holdings, Inc., 252 F.3d at 347; Dupell, Civil Action No. 3:12-CV-6, 2012 WL 1831484, *4 (citing Clark, 152 F.R.D. at 70). To determine whether a defense was sufficiently pled, the Court applies Federal Rule of Civil Procedure 8. Rule 8(b) requires that a party, in responding to a pleading, must "state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it by

6

an opposing party." Fed. R. Civ. P. 8(b)(1)(A-B). Rule 8(c) requires that a party, in responding to a pleading, must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). The Fourth Circuit has stated that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." Clem v. Corbeau, 98 F. App'x 197, 204 (4th Cir. 2004) (quotation and citation omitted).

In this case, Defendants' affirmative defenses, as well as the additional facts pled in the answer, meet the standard of Rule 8(c) because Defendants "affirmatively state" its affirmative defenses, and Defendants' answer gives Plaintiff fair notice of the nature of its affirmative defenses. See Palmetto Pharms. LLC v. AstraZeneca Pharms. LP, No. 2:11-cv-00807-SB-JDA, 2012 WL 6025756, at *7 (D.S.C. Nov. 6, 2012) (holding the defendant's affirmative defense of invalidity was sufficiently pled under Rule 8(c)). Additionally, Defendants' affirmative defenses are sufficiently pled under Rule 8(b) because the defenses are stated in "short and plain terms." Accordingly, Plaintiff's motion to strike is **DENIED**.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Amended Motion to Strike is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** April 29, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE