**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TROY BARRETT,**

        Plaintiff,

**v.**                                            **CIVIL ACTION NO: 3:13-CV-163
(JUDGE GROH)**

**AMERICAST, INC., a Virginia
Corporation, and CONCRETE
PIPE & PRECAST, LLC, a
Delaware Company,**

        Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO AMEND ANSWER AND
GRANTING PLAINTIFF'S CONDITIONAL WITHDRAWAL OF MOTION FOR
INTERLOCUTORY APPEAL**

There are three motions pending before this Court. First, on May 1, 2014, Plaintiff filed a motion requesting leave for interlocutory appeal and stay of this matter [Doc. 15]. Second, on May 9, 2014, Defendants filed a "Motion to Amend Answer" [Doc. 19]. Third, on May 14, 2014, Plaintiff filed a conditional withdrawal of his motion for interlocutory appeal [Doc. 21]. The Court addresses each motion below.

**I. Background**

On November 8, 2013, Plaintiff Troy Barrett filed a complaint pursuant to this Court's federal question subject matter jurisdiction under the Uniformed Services Employment and Reemployment Rights Acts, 38 U.S.C. § 4301, *et seq.* His complaint alleges that he was unlawfully discriminated against and terminated due to his military service in violation of the Uniformed Services Employment and Reemployment Rights

Act. On January 27, 2014, Defendants waived service of process. On March 7, 2014, Defendants filed their answer to Plaintiff's complaint.

On March 31, 2014, Plaintiff filed an "Amended Rule 12 Motion to Strike Defendants' Fourth, Fifth, and Fifteenth Defenses. " On April 29, 2014, this Court denied Plaintiff's motion. Subsequently, on May 1, 2014, Plaintiff filed a motion requesting leave for interlocutory appeal and stay of this matter. On May 9, 2014, Defendants filed a response in opposition to Plaintiff's request for interlocutory appeal and stay and a motion to amend its answer. On May 14, 2014, Plaintiff filed a response to Defendant's motion to amend its answer wherein Plaintiff stated he did not oppose Defendant's motion. Additionally, on May 14, 2014, Plaintiff filed a conditional withdrawal of his motion for interlocutory appeal on the basis that if the Court grants Defendants' unopposed motion to amend its answer, then the Plaintiff withdraws his request for interlocutory appeal and stay. Accordingly, the motions are ripe for the Court's review.

## II. Discussion

The Court first addresses Defendants' motion to amend their answer because if the Court grants the motion, then Plaintiff has requested to withdraw his motion requesting interlocutory appeal and stay.

The Court analyzes Defendants' motion to amend under Rule 15(a)'s standard for amendments. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, "[i]n all other cases, a party may amend its pleading only with the opposing

2

party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986). Delay alone is an insufficient reason to deny leave to amend. See id. Rather, the delay must be accompanied by prejudice, bad faith, or futility. See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

In this case, Defendants moved to amend their answer more than twenty-one days after service of the answer. Therefore, the Court analyzes Defendants' motion under Federal Rule of Civil Procedure 15(a)(2). In determining whether the Court should grant leave to amend, the Court notes that Plaintiff filed a response stating that he had no objection to Defendants' motion to amend their answer. Additionally, the Court finds that allowing Defendants to amend their answer will not prejudice Plaintiff. First, Defendants have moved to amend their answer several months before the Joinder and Amendments deadline, which is August 27, 2014. Second, the proposed amended answer contains no new defenses. Rather, Defendants' proposed amended answer actually eliminates a few claimed defenses. Defendants amendment of their answer will not prejudice Plaintiff. There has also been no allegation of bad faith on the part of Defendants in filing an amendment or that an amendment would be futile. Accordingly, Defendants' motion to amend their answer is **GRANTED**. In light of the Court granting Defendants' motion to amend their answer, the Court finds that Plaintiff's motion

requesting interlocutory appeal and stay is moot as Plaintiff indicated that he withdraws his motion upon the Court granting Defendants' motion to amend.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Amend Answer [Doc. 19], **GRANTS** Plaintiff's Conditional Withdrawal of His Motion for Interlocutory Appeal [Doc. 21], and **DENIES AS MOOT** Plaintiff's Request for Interlocutory Appeal and Stay [Doc. 15].  The Court **DIRECTS** Defendants to file their amended answer on or before **Friday, June 6, 2014**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** May 30, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE